**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAZIELL DOLL, | : | CIVIL ACTION NO. 13-4198 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| PETCO ANIMAL SUPPLIES, INC., | : |  |
| et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**THE PLAINTIFF** brought this action in state court to recover damages for violations of the New Jersey Conscientious Employee Protection Act ("NJCEPA") against her former employer, the defendant Petco Animal Supplies, Inc. ("PASI"). (See dkt. entry no. 1, Notice of Removal, Ex. A, Compl. at 5-6.) PASI then removed the action pursuant to 28 U.S.C. § ("Section") 1332, as, inter alia, (1) the plaintiff is a New Jersey citizen, and (2) PASI is deemed to be a citizen of Delaware and California. (See Notice of Removal at 3-4.)

**THE PLAINTIFF** has now filed an Amended Complaint, alleging only NJCEPA violations again. (See dkt. entry no. 5, Am. Compl. at 6-7.) But the plaintiff has added several individual defendants ("Individual Defendants"), and asserts that (1) they are PASI employees, and (2) some of them are New Jersey citizens. (Id. at 2.) PASI has not denied those assertions. As a result, the plaintiff is no longer a "citizen[] of [a] different State[]"

in relation to each defendant.  28 U.S.C. § 1332; see <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"); see also <u>Liberty Mut. Fire Ins. Co. v. Yoder</u>, 112 Fed.Appx. 826, 828 (3d Cir. 2004) (stating "subject matter jurisdiction is never waived").

**IT APPEARS** that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); see <u>Kabakjian v. United States</u>, 267 F.3d 208, 212 (3d Cir. 2001).  There is "a general principle that jurisdiction is determined at the time the suit is filed", but "in diversity cases the rule admits to at least one exception," i.e., Section 1447(e), and thus a court can, "after suit is filed, permit the destruction of subject matter jurisdiction".  <u>Kabakjian</u>, 267 F.3d at 212.  The Court thus intends to (1) permit joinder of the Individual Defendants, and (2) remand the action for lack of jurisdiction under Section 1332.  For good cause appearing, the Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: October 31, 2013